IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
Roanoke Division

| | |
|---|---|
| IVAN TELEGUZ, ) | |
|         Petitioner, ) | |
| ) | |
| v. ) | No. 7:10-cv-00254 |
| ) | CAPITAL CASE |
| ) | |
| EDDIE L. PEARSON, ) | |
| Warden, Sussex I State Prison, ) | |
| ) | |
|         Respondent. ) | |

**RESPONSE TO WARDEN'S MOTION TO APPOINT COUNSEL
FOR MICHAEL HETRICK AND ALEXSEY SAFANOV**

1. The Warden previously moved for appointment of counsel for Edwin Gilkes. E.C.F. No. 141. Gilkes repeatedly has admitted that his trial testimony against Teleguz was false and was coerced by the prosecution's threats to secure a death penalty against him unless he testified against Teleguz. Teleguz indicated he intends to call Gilkes at the evidentiary hearing. The Warden's motion stated that the prosecutor may void Gilkes's plea deal for lying at Teleguz's trial. This Court granted the Warden's motion and appointed Thomas R. Scott, Jr., to represent Gilkes. E.C.F. No. 152.

2. The next day, the Warden filed a new motion, seeking appointment of counsel for Michael Hetrick and Alexsey Safanov. E.C.F. No. 154. Teleguz here responds.

3. As to Hetrick, the Warden now requests that this Court appoint Hetrick's trial lawyers, John C. Holloran and A. Gene Hart, Jr. The Warden alleges on information and belief that these attorneys have been in contact with the Harrisonburg Commonwealth's Attorney and have expressed a desire to be appointed, allegations Teleguz assumes are accurate for purposes of this response. The Warden asserts that Hetrick "stands in the same legal posture as Gilkes if

he were to testify contrary to his trial testimony." As with Gilkes, the Warden threatens that Hetrick's plea deal would be voided and he would be re-prosecuted capitally.

    4.    The Warden's request for appointment of counsel for Hetrick should be denied without prejudice. The contrast between Gilkes and Hetrick is clear: Gilkes has recanted, Hetrick has not. The Warden's request relies on pure speculation that Hetrick *might* recant and *might* admit his prior perjury. But such speculation does not implicate the Fifth Amendment: "'a party who wishes to claim the Fifth Amendment privilege must be confronted by substantial and real, and not merely trifling or imaginary hazards of incrimination.'" *United States v. Sweets*, 526 F.3d 122, 128 (4th Cir. 2007) (quoting *United States v. Doe*, 465 U.S. 605, 614 n. 13 (1984)). The Warden's speculation is especially unfounded here because Hetrick has refused to speak with Teleguz's representatives each and every time they have approached him. It is understandable that the Warden is eager to appoint counsel to benefit his strategic position by blocking the Court from hearing Teleguz's evidence of innocence and blocking Teleguz's legitimate efforts to interview a key witness.[1] And the Warden's concern is reasonable that the extraordinary coercive pressures applied to Hetrick during his interrogation led him to lie at trial. But one party's fear of damaging evidence does not justify appointment of counsel. If the

---

[1] Continuing his recent ad hominem attacks on undersigned counsel, the Warden faults them for not "ma[king] clear to the prison staff that they were *not* entitled to any attorney-client privileges" and argues that Teleguz is not "absolved from misleading the prison staff because they checked a box on a form." E.C.F. No. 154 at 3 n.1. These charges remain frivolous. Counsel "made clear" their status in exactly the manner designated by the Department of Corrections. Attorneys throughout the Commonwealth convey similar information when visiting incarcerated witnesses without incident. The Warden is correct that prison staff are non-lawyers, but no legal training is required to interpret the DOC's own legal visit form and the section of that form asking whether the legal visitor does or does not have a current attorney-client relationship with the inmate. Counsel had no idea that any prison staff thought they represented any non-client inmate they visited. Counsel always provide any information that is requested of them by the prison and answer any questions about the purpose of their visit truthfully. The whole issue is a red herring because counsel has every right to meet with non-client prisoners and Warden's counsel has no right to eavesdrop on Teleguz's witness interviews.

Warden has specific reason to believe Hetrick will recant, he should disclose it. If such reason emerges later, the Court can appoint counsel at the hearing.[2] Until then, the Warden's request is meritless.[3]

5.   Since trial, Hetrick has not yet shown any willingness to speak about this case. The Warden has threatened him with capital re-prosecution if he recants. If that mortal threat has been or is communicated to Hetrick prior to any concrete expression of intent by Hetrick to recant, Teleguz's Fifth, Sixth, and Fourteenth Amendment rights to due process and to present his defense would be violated. *See Webb v. Texas*, 409 U.S. 95 (1972) (per curiam) (due process violated by coercive or intimidating language or tactics that substantially interfere with a defense witness's decision whether to testify).

6.   As to Safanov, the Warden originally alleged that Safanov faced the same substantial criminal liability as Gilkes and Hetrick because he too testified pursuant to a plea agreement. The Warden later acknowledged that Safanov did not have a plea deal for his

---

[2] The appointment of Fifth Amendment counsel routinely occurs at the hearing where the witness is testifying. *E.g.*, *United States v. Pablo*, 696 F.3d 1280, 1296 (10th Cir. 2012); *Earp v. Cullen*, 623 F.3d 1065, 1069 (9th Cir. 2010), *cert. denied*, 2011 Lexis 4267 (2011); *United States v. Washington*, 318 F.3d 845, 855 (8th Cir. 2003). Counsel are aware of no cases where such appointment was sought before the hearing, let alone months before. The timing of the Warden's requests supports the inference that they are presented for strategic reasons rather than solicitude for the inmates' legal interests.

[3] Even if appointment of counsel for Hetrick at this stage were appropriate, his trial lawyers would be the wrong counsel to appoint. Were Hetrick to testify at the hearing, the circumstances in which his trial testimony was produced would be relevant and it is highly likely that his trial lawyers would become potential witnesses themselves at the hearing. Of course, there is no certainty that Hetrick will recant and waive his attorney-client privilege, but that only underscores the inappropriateness of appointing counsel for Hetrick in the first place. Moreover, the Warden's request for appointment of specific counsel is hard to square with his recent position that it would be unethical for Teleguz to identify counsel to represent Gilkes and that the Court should appoint Gilkes a completely independent attorney. E.C.F. No. 144 at 2.

3

testimony, but asserts that Safanov's "potential" testimony "could" subject him to "potential" charges of perjury. Here too, such speculation affords no basis for appointment of counsel.

                                  Respectfully submitted,

                                  <u>/s/ Elizabeth Peiffer</u>
                                  Elizabeth Peiffer, VA Bar No. 71353
                                  Virginia Capital Representation Resource Center
                                  2421 Ivy Rd., Suite 301
                                  Charlottesville, Virginia 22903
                                  (434) 817-2970
                                  (434) 817-2972 (facsimile)

                                  Matthew C. Stiegler, PA Bar No. 207280*
                                  Post Office Box 18861
                                  Philadelphia, Pennsylvania 19119
                                  (267) 297-7117
                                  *Admitted pro hac vice*

February 11, 2013

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
Roanoke Division

| | |
|---|---|
| IVAN TELEGUZ, ) | |
| Petitioner, ) | |
| ) | |
| v. ) | No. 07:10-cv-00254 |
| ) | CAPITAL CASE |
| ) | |
| EDDIE L. PEARSON, ) | |
| Warden, Sussex I State Prison, ) | |
| ) | |
| Respondent. ) | |

CERTIFICATE OF SERVICE

    I certify that on February 11, 2013, a copy of the foregoing Response to Warden's Motion to Appoint Counsel for Michael Hetrick and Alexsey Safanov was filed electronically through the Court's ECF system which provides a copy of the filed materials to Katherine B. Burnett, Senior Assistant Attorney General, at kurnett@oag.state.va.us.

                              /s/ Elizabeth Peiffer
                              Elizabeth Peiffer