IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
Roanoke Division

IVAN TELEGUZ,
        Petitioner,

v.                                                      Civil Action No. 7:10cv00254

EDDIE L. PEARSON, WARDEN,
    SUSSEX I STATE PRISON,
        Respondent.

---

**WARDEN'S REPLY**
ON MOTION TO APPOINT COUNSEL FOR MICHAEL HETRICK and ALEXSEY SAFANOV

---

The Warden of the Sussex I State Prison, by counsel, replies as follows to Teleguz's opposition:

1.    Teleguz presents no argument why the Court should not appoint counsel for Safanov, except his one generalized statement that Safanov's need for counsel is "speculative." To the contrary, Teleguz has implied that Safanov was deported from this country due to his federal criminal convictions, and that that deportation issue was somehow involved in Safanov's testimony at Teleguz's trial. Teleguz has presented hearsay affidavits from third parties representing that Safanov has recanted his trial testimony given under oath in Teleguz's criminal trial. In order for Teleguz to prove those allegations, he will have to present Safanov as a witness for this Court to hear and determine the reliability of the witness' testimony, after cross-examination. Were he to travel to this country and testify for Teleguz, Safanov's further criminal liability obviously would be at issue. Whether that liability would involve his federal convictions, his status with immigration or other federal law-

enforcement entities, or new charges of perjury in this country, are all matters on which an attorney appointed to represent *his* interests would provide him counsel. Safanov is no ordinary witness, but rather one who may, or already may have, jeopardized his criminal liability without the benefit of legal counsel. This Court has an obligation to see that this case is tried fairly, fully, and without gamesmanship of any sort, and certainly without evidence brought forth from witnesses whose participation in this habeas case place them at risk of criminal liability without any benefit of counsel.

2. Teleguz opposes the appointment of counsel for Hetrick, but his reasons are groundless. He says that Hetrick has not "yet" recanted, the implication being that Teleguz is continuing to try to obtain such a recantation and would be hampered in doing so by an attorney who represents Hetrick. The very fact that Teleguz's attorneys want to talk to an unrepresented accomplice who was convicted pursuant to a plea agreement that required him to tell the truth at trial and present no contrary testimony thereafter, demonstrates, beyond any doubt, Hetrick's entitlement to independent, unconflicted counsel.

3. The Warden has no "strategic" reason for the appointment. Indeed, because this is a witness who presumably would be *favorable* to the Warden's position, the appointment of counsel for the witness is not necessarily in the Warden's interest.

4. Teleguz says the Warden has "threatened" Hetrick with re-prosecution, but the Warden and his counsel never have spoken to Hetrick. It is only Teleguz's current legal team that has attempted to talk to him, and to extract a recantation.

2

5. The Warden is not attempting to block Teleguz from access to any witness. But Hetrick (and Safanov) are not ordinary witnesses. They are witnesses who testified under oath in a court of law on very serious matters. One of them (Hetrick) testified under a detailed plea agreement entered with the advice of his own counsel, counsel who now seek appointment from this Court to protect the interests of their former client. This Court must not permit Hetrick and Safanov to become pawns in some game, to their own very costly detriment, and potentially at the expense of the truth.

6. Teleguz says his legal team have, and can with impunity, mislead prison staff into believing they are entitled to a confidential meeting with Hetrick simply because they are lawyers. But lawyers have a higher ethical obligation than that. They certainly know what they are doing when they convince staff to permit lengthy, unrecorded, interviews with all the benefits of a protected attorney-client relationship. The Warden cannot, and would not, block their access to any prisoner-witness, but non-attorney-client visits from attorneys are no different from any other visitor to an inmate. Such visits are on certain days, for certain times, and must be approved by both the prison and inmate. All non-attorney-client visits, and all inmate non-attorney-client phone calls, may be recorded. Teleguz's lawyers have no special right to anything different with respect to any prisoner they do not represent. All such callers, visitors and the inmates know their conversations may be recorded. They have no confidentiality protections.

7.     Teleguz says that, if the Warden tells Hetrick what he risks by recanting, then Teleguz's right to due process is violated because Hetrick then presumably would not recant.  Teleguz argues as if he has some right to a particular testimony from a witness.  He does not.  Advice from an independent counsel appointed to advise Hetrick is not witness-intimidation.  It is protection of the witness, the evidence, and, ultimately, the legitimacy of this Court's proceedings.

8.     The Warden has no interest in blocking evidence of Teleguz's innocence.  He has a very real interest in seeing that this judicial proceeding be conducted in such a way that only the truth is the product, and the system of justice is not harmed by unreliable, speculative, or coerced evidence.

Respectfully submitted,

EDDIE L PEARSON, WARDEN
      SUSSEX I STATE PRISON,
Respondent herein.

/s/Katherine B. Burnett
Senior Assistant Attorney General
Virginia State Bar No. 25023
Counsel for Respondent
Office of the Attorney General
900 East Main Street
Richmond, Virginia 23219
Phone:       (804) 786-9642
Fax:         (804) 786-0142
email: kburnett@oag.state.va.us

<u>Certificate Of Service</u>

      I hereby certify that on February 14, 2013, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

      Elizabeth Peiffer, Esquire
      Virginia Capital Representation Resource Center
      2421 Ivy Road, Suite 301
      Charlottesville, Virginia  22903
      epeiffer@vcrrc.org

      Matthew C. Stiegler, Esquire
      P. O. Box 18861
      Philadelphia, Pennsylvania 19119
      matt.stiegler@gmail.com

                          <u>/s/Katherine B. Burnett</u>
                          Senior Assistant Attorney General