# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | |
|---|---|
| **IVAN TELEGUZ,** ) | |
| ) | |
| Petitioner, ) | Case No. 7:10CV00254 |
| ) | |
| v. ) | **OPINION AND ORDER** |
| ) | |
| **KEITH W. DAVIS, WARDEN,** ) | By: James P. Jones |
| **SUSSEX I STATE PRISON,** ) | United States District Judge |
| ) | |
| Respondent. ) | |

*K. Winn Allen, Kirkland & Ellis LLP, Washington D.C; Matthew P. Dullaghan, Senior Assistant Attorney General, Office of the Attorney General of Virginia, Richmond, Virginia, for Respondent.*

This capital habeas case[1] is before me on remand from the court of appeals, which instructed me to conduct a thorough analysis of whether the petitioner has made a gateway showing of actual innocence sufficient to excuse the procedural default of certain constitutional claims. An evidentiary hearing is now scheduled for November 12-14, 2013, in order to determine the reliability of any new evidence proffered to show the petitioner's actual innocence. The parties have filed certain motions in contemplation of that hearing. For the following reasons, I will now deny the petitioner's second motion seeking leave to conduct discovery

---

[1] A summary of the facts of the case can be found in *Teleguz v. Pearson*, 689 F.3d 322, 325-27 (4th Cir. 2012).

and his motion for funds, and I will also deny in part and grant in part his motion for leave to seek deposition testimony.[2]

I

I initially denied Teleguz's petition for habeas relief on August 1, 2011. The court of appeals granted a certificate of appealability to determine whether I abused my discretion in denying Teleguz an evidentiary hearing on his *Schlup* gateway innocence claim. After argument, the court of appeals remanded the case so that I might conduct a "rigorous *Schlup* analysis." *Teleguz*, 689 F.3d at 330. Although both the petitioner and the respondent argued that I should conduct this analysis based solely on the written record, I disagreed and ordered an evidentiary hearing to assess the reliability of the new evidence offered by Teleguz.

On May 24, 2013, I denied, *inter alia*, all of the petitioner's proposed Requests for Production and Interrogatories in his first discovery motion, because they were overbroad and not sufficiently specific, and because the petitioner unnecessarily delayed in making his request for discovery. I further denied the petitioner's succeeding motion in which he sought leave to obtain a subpoena directed to the United States Attorney's Office in the District of Massachusetts ordering production of records regarding Aleksay Safanov.

---

[2] I will reserve judgment on the respondent's motion to appoint counsel for Aleksay Safanov.

Subsequently, Teleguz filed a second motion for discovery, contending he had sufficiently narrowed his requests to the following: "(1) records regarding communications between federal law enforcement and Aleksay Safanov; (2) notes regarding specific interviews of Edwin Gilkes and Michael Hetrick; (3) records regarding communications between law enforcement and Victor Sampson; and (4) records regarding the mental health of Hetrick." (Pet'r's Br. in Supp. of Second Mot. for Leave to Conduct Disc. 2.) The Warden opposed these requests, maintaining that they were no different from the overbroad and speculative requests contained in the initial discovery motion.

The petitioner also has moved the court to authorize funds for Safanov's immigration paperwork, in contemplation of his possible return to the United States to testify.[3] Finally, the petitioner seeks leave to depose *de bene esse* Safanov, Latesha Everhart ("Everhart"), and Alan Black ("Black").

The motions have been briefed and orally argued.

II

Discovery is not available as a matter of right in habeas corpus cases. *Bracy v. Gramley*, 520 U.S. 899, 904 (1997). Rule 6(a) of the Rules Governing § 2254 Cases provides, in relevant part, "A judge may, for good cause, authorize a party to

---

[3] It is believed that Safanov now resides in Kyrgystan, in Central Asia.

conduct discovery under the Federal Rules of Civil Procedure and may limit the extent of discovery."  A federal habeas petitioner establishes the requisite good cause to conduct discovery "where specific allegations before the court show reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is . . . entitled to relief." *Bracy*, 520 U.S. at 908-09 (internal quotation marks and citation omitted).  Rule 6 does not permit a petitioner to embark on a fishing expedition by issuing broad discovery requests based on conclusory allegations.  *See, e.g.*, *Teti v. Bender*, 507 F.3d 50, 60 (1st Cir. 2007); *Williams v. Bagley*, 380 F.3d 932, 974 (6th Cir. 2004); *Ward v. Whitley*, 21 F.3d 1355, 1367 (5th Cir. 1994); *see also Lenz v. Washington*, 444 F.3d 295, 304 (4th Cir. 2006) ("An evidentiary hearing is not a fishing expedition for facts as yet unsuspected, but instead an instrument to test the truth of facts *already alleged* in the habeas petition.") (internal quotation marks and citation omitted).

In support of his second discovery motion, Teleguz argues that he has sufficiently circumscribed his requests.  The petitioner contends that Requests for Production 1 and 2 — targeting communications between law enforcement and Safanov, Hetrick, and Gilkes — have been narrowed from their counterparts in the first discovery motion, insofar as they target specific interviews or records and are limited to existing notes.  The newly devised Request for Production 3 is proper, he argues, because Victor Sampson is deceased and documents relating to his

communications with law enforcement are necessary to determine the reliability of his trial testimony. Finally, for the first time, the petitioner seeks leave to obtain Hetrick's mental health records in his Request for Production 4, alleging that Hetrick's mental illness at the time of the trial would impeach his testimony. The Warden objected on the grounds that these requests, while fewer in number, remain overly broad and impermissibly speculative.

For the same reasons set forth my earlier opinion related to discovery requests by the petitioner, *Teleguz v. Pearson*, No. 7:10CV00254, 2013 WL 3009325 at *4 (W.D. Va. June 17, 2013), I find that Teleguz has failed to establish good cause for his discovery requests. The petitioner notes that there are fewer requests in the second discovery motion, but that does not overcome the fact that he once again did not specifically identify what he expects to find from the particular individual requests. The petitioner's Requests for Production 1 and 2 in the instant motion are not substantially different from their counterparts denied in the petitioner's first motion for discovery, and Requests for Production 3 and 4 — though new — suffer from the same defects. His requests remain impermissibly speculative, overly broad, and unduly cumulative.

The petitioner also seeks leave to secure deposition testimony. In a federal habeas corpus proceeding, "evidence may be taken orally or by deposition, or, in the discretion of the judge, by affidavit." 28 U.S.C.A. § 2246 (West 2006).

Again, the petitioner must establish "good cause" as required by Rule 6(a) of the Rules Governing § 2254 Cases.

Teleguz wishes to depose Safanov, Everhart, and Black, because he does not expect these individuals to voluntarily appear at the evidentiary hearing and because of their location, this court cannot command their attendance. *See* Fed. R. Civ. P. 45(c)(1)(A). The Warden objects to the requests on the grounds that depositions would be cumulative and lack good cause. He further objects to the deposition of Safanov due to the procedural concerns involved in taking a foreign deposition.

I find that the petitioner has demonstrated good cause to seek the deposition testimony of Safanov and Everhart. Based upon their prior affidavits, their testimony may support the petitioner's burden of proof at the hearing. In regard to Black, I agree with the Warden that the request is speculative and his deposition would be cumulative of Safanov's testimony. The request to depose Black will be denied.

The petitioner's motion for funds will also be denied, because I find — and the petitioner concedes — that Safanov's entry into the United States is not feasible and unlikely to be accomplished in time for the scheduled evidentiary hearing.

III

For the foregoing reasons, it is hereby **ORDERED** as follows:

1. Petitioner's Second Motion for Leave to Conduct Discovery (ECF No. 241) is DENIED;

2. Petitioner's Motion for Leave to Seek Deposition Testimony (ECF No. 242) is GRANTED IN PART AND DENIED IN PART. The motion is GRANTED as to Safanov and Everhart but DENIED as to Black;

3. Petitioner's Motion for Funds for Admission of Witness (ECF No. 253) is DENIED; and

4. Petitioner must advise the court in advance of the arrangements provided for the proposed deposition of Safanov, so that the court might further consider and determine Warden's Renewed Motion to Appoint Counsel for Safanov.

ENTER: September 24, 2013

/s/  James P. Jones  
United States District Judge